[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' REQUEST TO PROCEED ON MOTION FOR SUMMARY JUDGMENT(FILE #133)
This case was filed July 5, 1991. The pleadings are closed and the matter has been assigned for a jury trial to begin on November 29, 1994. A motion for "summary judgment dismissing the allegations of the complaint" was filed on July 29, 1994; defendants' memorandum in support of the motion is dated August 15, 1994, and was filed at the August 15 short calendar hearing.[1] Plaintiffs have filed a written objection on the basis that the motion is untimely at this stage of the litigation and serves merely to delay the assigned trial.
The court has reviewed the entire, voluminous court file. Defendants state, and their supporting memorandum (8/15/94) confirms, that the grounds asserted for summary judgment parallel, to a considerable extent, those legal contentions which defendants undertook to raise on a motion to strike filed back in February, 1992. The court, at that time, did not rule on the motion to strike as it was concluded that the motion was filed "in contravention of the court's explicit order" entered at the time of the reopening of default of all defendants for failure to plead.[2] In connection with the present motion, defendants have argued, both at the short calendar hearing, and in their memorandum filed 8/15/94, that CT Page 8626 they now wish to again challenge "the legal sufficiency of the complaint," and that there would be raised "for the most part" issues of law. However, they also state that "the allegations of the complaint are untrue and will be vigorously disputed" at trial; furthermore, the 8/15 memorandum makes reference to a number of supporting affidavits, none of which (along with any other supporting documentation) have been filed. Plaintiffs argue that if a hearing is scheduled on the merits of this summary judgment motion, they would be required to prepare, obtain, and file opposing affidavits and documentation, which would consume further time, and, that given the existence and complexity of the factual and legal issues involved, proceeding on the motion would merely occasion an unwarranted delay of the assigned trial.
This case is a 1991 filing; the pleadings were closed in early 1992, and defendants have had a period of time exceeding two years in which to move for summary judgment. The case has been scheduled to begin trial; the pleadings frame material issues of fact and, in this court's view, it is quite likely that proceeding on the motion will involve a delay in the trial process.[3] On the totality of the circumstances, derived from the comments of counsel at the August 15 hearing, and a review of the entire court file (including defendants' 8/15/94 memorandum of law), this court is disinclined to grant permission under Prac. Bk. Section 379 to proceed, at this point in time, on a motion for summary judgment. The requested permission, required under Section 379, is denied; however, the denial is without prejudice to the extent that the defendants may renew their request, if they so wish, with the Presiding Judge of the Civil Division of this Judicial District.[4]
Mulcahy, J.